# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| JENNY L. GLASCO,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:14-cv-00651-RFB-PAL<br><br>**ORDER REJECTING REPORT & RECOMMENDATION AND REMANDING CASE** |

## I. INTRODUCTION

Before the Court for consideration is the Report and Recommendation of the Honorable Peggy A. Leen, United States Magistrate Judge, entered October 19, 2016. (ECF No. 22). For the reasons discussed below, the Report and Recommendation is rejected.

## II. BACKGROUND

Neither party objected to the Magistrate Judge's summary of the background facts, and so the Court incorporates and adopts, without restating, that "background" section here. (See Report 1:20–2:2, ECF No. 22). The Court adds the following procedural history.

The Plaintiff filed her Complaint on April 29, 2014, seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). ECF No. 1. The Commissioner filed her Answer on August 25, 2014. ECF No. 8 The Plaintiff filed her Motion for Remand and Supporting Memorandum of Points and Authorities November 5, 2014. ECF No. 14. The Commissioner filed her Opposition and Memorandum in Support of Cross-Motion for Summary Judgment on December 2, 2014. ECF Nos. 16, 17. No reply was filed. Magistrate Judge Leen issued a Report

and Recommendation on October 19, 2016, recommending that this Court deny the Motion to Reverse/Remand and grant the Cross-Motion to Affirm. ECF No. 22. The Plaintiff filed an Objection to the Report and Recommendation on October 31, 2016. ECF No. 23. The Commissioner filed a Response to the Objection on November 1, 2016. ECF No. 24.

### III. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. Id. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's

conclusion," to determine whether that conclusion is supported by substantial evidence. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. <u>See</u> 20 C.F.R. § 404.1520(a)(4); <u>Garrison v. Colvin</u>, 759 F.3d 995, 1010 (9th Cir. 2014). "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." <u>Garrison</u>, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step four. (AR 19). At step four, the ALJ considers the assessment of the claimant's residual functional capacity, as well as the claimant's capability of performing past relevant work. <u>Garrison</u>, 759 F.3d at 1011. Residual functional capacity is defined as the most an individual is capable of doing in a work setting despite the individual's impairments and related symptoms, such as pain. 20 C.F.R. § 416.945(a)(1). If the claimant is incapable of performing past relevant work, the ALJ determines whether the claimant can make an adjustment to substantial gainful work other than his past relevant work in step five. 20 C.F.R. § 404.1520(g).

**IV.   DISCUSSION**

ALJ Norman L. Bennett issued an unfavorable decision on October 19, 2012, finding that Glasco was not disabled. AR 16-24. Prior to this finding, Govind Koka, D.O., acted as Ms. Glasco's treating physician for the relevant period. AR 149, 151, 343-346. On October 4, 2012, Dr. Koka completed a medical assessment of ability to do work related activities questionnaire. AR 343-346. Dr. Koka opined Ms. Glasco could occasionally lift 10 pounds and frequently lift less than 10 pounds; stand and/or walk for a total of less than 2 hours during an eight-hour workday; sit for less than 6 hours during an 8-hour workday, with the ability to periodically alternate between sitting and standing to relieve pain or discomfort; and has limited ability to push/pull with the upper and lower extremities. <u>Id.</u> Dr. Koka opined these limitations were present during the period from 2005 to 2012. He thus determined that Glasco did not have the residual functional capacity to perform her last job as a secretary with the full range of sedentary work.

The ALJ, however, rejected Dr. Koka's opinion as to Glasco's residual functional capacity. He determined that Glasco retained the residual functional capacity to perform the full range of

sedentary work. AR 19 ¶ 5. He found that she suffered from the severe impairments of degenerative disc disease of the cervical spine and degenerative disc disease of the lumbar spine status post remote surgeries. Nonetheless, he concluded Glasco had the residual functional capacity to perform a full range of sedentary work, and that during the closed period of disability, she was capable of performing her past relevant work as a secretary, which DOT classifies as SVP 6, sedentary. He therefore denied her application for disability and disability insurance benefits for the closed period of disability alleged between December 1, 2007, and April 1, 2012. The ALJ decision did not reference Dr. Koka's opinion.

The only legal issue raised in the Motion to Remand (ECF No. 14) is whether the ALJ committed legal error by failing to offer specific reasons for rejecting the opinion of Glasco's treating physician, Dr. Koka. In her Report and Recommendation, Magistrate Judge Leen found that, although the ALJ did not mention Dr. Koka or any of Glasco's treating physicians by name, he systematically reviewed the medical evidence in the administrative record, accurately reported the findings made by various treating physicians, and his decision was supported by substantial evidence. Judge Leen therefore recommended that the Court deny the Motion to Reverse/Remand (ECF No. 14) and grant the Cross-Motion to Affirm (ECF No. 16).

The Ninth Circuit has held that, where a treating physician's opinions and ultimate conclusions are not contradicted by another doctor, an ALJ may only reject them for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." Id. (internal citation omitted). Ninth Circuit precedent is clear that in determining the credibility of medical evidence, the ALJ must give "specific, legitimate reasons for discrediting particular opinions." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002). This standard cannot be met where, as here, the ALJ comes to a conclusion that is at odds with a treating physician's opinion, without referencing the opinion or offering specific reasons for rejecting the opinion. The clear purpose of this requirement by the Ninth Circuit is to prevent the ALJ from substituting their opinion of the medical evidence for that of a medical expert. Although the ALJ in this case

may have based his opinion on a thorough review of the medical evidence, he did not make specific findings regarding Dr. Koka's opinions, as required by Ninth Circuit precedent. Id.

The Court rejects the Commissioner's argument that Dr. Koka's opinion was simply a "check the box" opinion without much explanation. This is controverted by the record itself. As the R&R acknowledges, the opinion was a check the box form that *also included*, importantly, "handwritten notes" supporting the findings. ECF No. 22 at 14. There is no regulation or precedent which permits the ALJ to disregard a treating physician's opinion simply because a portion of it is handwritten. Moreover, as noted by the R&R, Dr. Koka's opinion as to Glasco's residual functional capacity was supported by certain medical evidence in the record which demonstrated clear impairments. Id.

The Court also rejects the argument of the Commissioner and the R&R that the ALJ's opinion focused solely on the recovery time in the objective medical evidence to find that Glasco's impairments did not meet the durational requirements for disability under the Social Security Act. This argument exemplifies why the ALJ is not permitted to simply disregard the opinion of a treating physician and why such an opinion is entitled to deference. This case involves a full and complex record of medical treatment records covering seven years. Glasco had at least six surgeries, a cervical fusion in 2006 and a lumbar fusion in 2009. The ALJ cannot simply selectively focus on certain records and consider them in isolation from the rest of the record. Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (explaining that ALJ is not permitted to reach a conclusion "simply by isolating a specific quantum of supporting evidence"). There are approximately 200 pages of doctors' reports, lab results, x-ray/MRI results and other medical records. These are records that judges—federal or administrative—are not trained to independently review as if they are medical professionals. Glasco had multiple acknowledged ailments and impairments whose overall impact on her was and is best determined by a medical expert. This is the reasoning underpinning the Ninth Circuit's precedent requiring deference be afforded to a treating physician's opinion and requiring the ALJ to offer specific reasons for rejecting the treating physician's opinion. See Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989) (holding that ALJ's decision was "not supported by substantial evidence because no specific reasons were

given for disregarding [the treating physician's] opinion"). The ALJ did not offer specific reasons for rejecting Dr. Koka's opinion and so his decision must be reversed for legal error. Id.

Therefore, the Court agrees with the Plaintiff that it is appropriate to remand this case to the Commissioner for further proceedings consistent with this order. The Court declines to exercise its discretion to award benefits at this time.

V. **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 22) is REJECTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reverse/Remand (ECF No. 14) is GRANTED and the Defendant's Cross-Motion to Affirm (ECF No. 16) is DENIED.

**IT IS FURTHER ORDERED** that the matter be remanded for further proceedings before the Administrative Law Judge consistent with this ruling. The Clerk of Court shall close this case.

DATED this 16th day of July, 2018.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**